UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| HSD CORPORATION, an Idaho corporation, | ) ) ) | No. CV-05-286-CI |
| Plaintiff, | ) ) ) | ORDER GRANTING DEFENDANT'S MOTION TO CHANGE VENUE AND |
| v. | ) ) | DIRECTING TRANSFER TO THE NORTHERN DISTRICT OF |
| KLA-TENCOR CORPORATION, a Delaware corporation, | ) ) ) | CALIFORNIA |
| Defendant. | ) ) | |

BEFORE THE COURT is Defendant's Motion to Change Venue (Ct. Rec. 21), noted for hearing without oral argument on April 10, 2006. Attorney Scott C. Cifrese, of Paine, Hamblen, Coffin, Brooke & Miller, LLP, represents Plaintiff; attorney James E. Reed, Winston & Cashatt, represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 17.)

Defendant moves for a transfer of venue of this action to the United States District Court for the Northern District of California, contending there is a contractual agreement between the parties as to choice of the California forum and the convenience of witnesses supports transfer. Plaintiff objects, arguing the choice of forum was not a contractual term negotiated by the parties and

1  that convenience is found equally in the California and Washington
2  courts.

3                              **CLAIMS**

4      Plaintiff, a supplier of custom pneumatic servovalves, filed a
5  Complaint for damages against Defendant, a purchaser of such valves,
6  alleging intentional interference with a prospective business
7  advantage, tortious interference (Plaintiff's purchase contract with
8  supplier, Moog, Inc., of New York), breach of contract (purchase
9  orders between Plaintiff and Defendant), breach of contract (non-
10 disclosure agreement between Plaintiff and Defendant) and
11 misappropriation of trade secrets.[1]   (Ct. Rec. 1.)   Plaintiff,
12 pursuant to diversity jurisdiction under 28 U.S.C. § 1332, alleged
13 jurisdiction over Defendant was appropriate because Defendant had
14 engaged in business activities in this district that were continuous
15 and systematic and the claims arose from those activities.   (Ct.
16 Rec. 1, ¶ 5.)   Specifically, Plaintiff alleged Defendant transacted
17 business in Spokane County, transacted business in Spokane County at
18 the time the cause of action arose, and/or Defendant's registered
19 agent resides in Spokane County.   (Ct. Rec. 1, ¶ 7.)

20      It does not appear Defendant is challenging the jurisdictional
21 basis of Plaintiff's Complaint.   (Ct. Rec. 22 at 5.)   Rather, it
22 appears the Motion is one for transfer pursuant to 28 U.S.C. §
23 1404(a).

24  _____

25      [1]Plaintiff alleges in his argument he is pursuing seven claims
26  against Defendant, but there are only five substantive claims
27  alleged in the Complaint. (Ct. Rec. 1.)
28
ORDER GRANTING DEFENDANT'S MOTION TO CHANGE VENUE AND
DIRECTING TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA - 2

1
VENUE - § 1391

2      A court exercises personal jurisdiction over a party under the

3 law of the forum state, subject to the requirements of

4 constitutional due process.   See FED. R. CIV. P. 4(k)(1)(A);

5 *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir.

6 1998). Venue requirements are set forth in 28 U.S.C. § 1391, as

7 amended in 1990.   The relevant section notes:

8      A civil action **wherein jurisdiction is founded only on
       diversity of citizenship** may, except as otherwise provided
9      by law, be brought only in (1) a judicial district where
       any defendant resides, if all defendants reside in the
10     same State, (2) a judicial district in which a substantial
       part of the events or omissions giving rise to the claim
11     occurred . . . or (3) a judicial district in which any
       defendant is subject to personal jurisdiction at the time
12     the action is commenced, if there is no district in which
       the action may otherwise be brought.

13

14 28 U.S.C. § 1391(a) (emphasis added).   Residence of a corporate

15 defendant is defined in 28 U.S.C. § 1391(c): "[A] defendant that is

16 a corporation shall be deemed to reside in any judicial district in

17 which it is subject to personal jurisdiction at the time the action

18 is commenced." Under the amended statute, it is possible for venue

19 to be proper in more than one judicial district. *Jenkins Brick Co.*

20 *v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003).  If the parties have

21 not engaged in extensive discovery or an evidentiary hearing on the

22 matter of jurisdiction, the plaintiff need only make a prima facie

23 showing that personal jurisdiction exists over the defendant. *Dole*

24 *Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).   Thus,

25 although KLA-Tencor is a Delaware corporation with headquarters

26 located in San Jose, California, there is no dispute it has engaged

27 in a continuing business relationship with Plaintiff, a Washington

28
ORDER GRANTING DEFENDANT'S MOTION TO CHANGE VENUE AND
DIRECTING TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA - 3

corporation.    Additionally, Defendant has not denied it has a

registered agent in the State of Washington.    Because Defendant has

not challenged the exercise of long-arm jurisdiction under

Washington state law, venue is appropriate in the Eastern District

of Washington under 28 U.S.C. § 1391(a)(1) and (c).

**TRANSFER - § 1404[2]**

Section 1404(a) of 28 U.S.C. provides "for the convenience of

parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district or division

where it might have been brought."    The decision to transfer lies

within the discretion of the trial court.    *Shutte v. Armco Steel

Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).    There is, however, a strong

presumption in favor of the plaintiff's choice of forum.    *Id.* ("[A]

plaintiff's choice of a proper forum is a paramount consideration in

any determination of a transfer request, and that choice 'should not

be lightly disturbed.'"    (Citation omitted.)

Under § 1404(a), the district court has discretion "to

adjudicate motions for transfer according to an 'individualized,

case-by-case consideration of convenience and fairness.'"    *Stewart

Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).    A motion

---

[2]A district court ordinarily applies the choice-of-law rules of

the forum state. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 243 n.8,

(1981).    However, when a case is transferred from another state's

federal court, the choice-of-law provisions of the originating state

govern.    *Id.; Consul Ltd. v. Solide Enters., Inc.,* 802 F.2d 1143,

1146 (9th Cir. 1986).

ORDER GRANTING DEFENDANT'S MOTION TO CHANGE VENUE AND
DIRECTING TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA - 4

to transfer requires the court to weigh multiple factors in its determination whether transfer is appropriate. *Id.*  Those factors include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Stewart,* at 49-51; *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000), *cert. denied*, 531 U.S. 928 (2000).  Additionally, the presence of a forum selection clause is a "significant factor" in the court's § 1404(a) analysis. *Stewart*, 487 U.S. at 29.  Such a clause, however, is not dispositive. *Id.* at 31.  Defendant has the burden of "establish[ing] that a balancing of proper interests weigh[s] in favor of the transfer." *Shutte v. ARMCO Steel Corp.*, 431 F.2d. 22, 25 (3rd Cir. 1970).

1.   <u>Jurisdiction in the Northern District of California</u>

Here, Plaintiff does not argue the claims could not have been brought in the Northern District of California and based on the pleadings, there is a factual basis for jurisdiction in that district.  Defendant's headquarters are in San Jose, California, and Plaintiff has a corporate facility in Sacramento, California. Moreover, the goods at issue were modified, tested, sold, and delivered within the Northern District of California. (Ct. Rec. 23, Carroll Aff.)  Thus, jurisdiction and venue also lie in the Northern District of California under 28 U.S.C. 1391(a) and (c).

ORDER GRANTING DEFENDANT'S MOTION TO CHANGE VENUE AND
DIRECTING TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA - 5

1  2.    <u>Convenience of the Parties and Witnesses</u>

2      Defendant avers all of its witnesses in defense of the claims

3  raised and in support of its counterclaim (Thomas Kennedy, Bill

4  Buglewica, Sean Carroll, Bill Bengele, attorney Kevin McAndrews,

5  Mitch Zucker) reside in the Northern District of California.  (Ct.

6  Rec. 23, Carroll Aff.) Moreover, dealings with Plaintiff were

7  limited to contact with HSD employee Andy Freudland, who resides in

8  Northern California, and Mark Jenks of Spokane.  The dealings with

9  Mr. Jenks were either by phone or during his visits to Northern

10 California.  Defendant also asserts there was no personal contact

11 with Mr. Jenks in Eastern Washington by any KLA employee and

12 Defendant has no physical presence or employees residing in Eastern

13 Washington.   (Ct. Rec. 23, Carroll Aff.) Additionally, the

14 procedures and equipment used by Plaintiff to test and/or modify the

15 valves is located at Plaintiff's facility in Sacramento, California.

16 Purchase orders and paperwork between Plaintiff and Defendant was

17 sent by Defendant to the Sacramento facility only.

18     Plaintiff does not identify potential witnesses who would be

19 inconvenienced by a transfer of the litigation to the Northern

20 District of California.  (Ct. Rec. 26, Jenks Decl.)  Moreover, any

21 witnesses called by either party based in New York (employees of

22 Moog) would be equally inconvenienced by travel either to California

23 or Washington.  Based on the representations of the parties, this

24 factor weighs in favor of transfer to the Northern District of

25 California.

26 3.    <u>Location Where the Agreements Were Negotiated and Executed</u>

27     Plaintiff avers all negotiations for the sale of the valves to

28

1  Defendant were oral.   (Ct. Rec. 26, Jenks Decl.)   Defendant

2  represents the negotiations were by telephone and the written

3  purchase orders were sent to Plaintiff's Sacramento facility.

4  Additionally, the evidence relevant to the intentional interference

5  claim is found in Northern California and New York.   Thus, this

6  factor weighs in favor of transfer.

7  4.   <u>The State Most Familiar with the Governing Law</u>

8      Defendant argues the choice of law (California) was

9  contractually agreed by the parties.   Plaintiff, however, disputes

10 any negotiation occurred with respect to terms related to choice of

11 law or forum.   Even assuming such choice of law terms would control,

12 Plaintiff contends the use of California law, under the language in

13 the choice of law provision, is limited to a single claim involving

14 interpretation of the Non-Disclosure agreement as it was arguably

15 "entered into and to be performed entirely within California between

16 California residents." (Ct. Rec. 27 at 7; Ct. Rec. 23, Carroll Aff.

17 ¶ 19, Ex. B.)   It is assumed, for purposes of this Order, the choice

18 of law provision would affect only one claim, if at all.

19     Although the first two claims, intentional interference with a

20 prospective business advantage and tortious interference, arguably

21 would be governed by Washington law, the next two claims, breach of

22 purchase orders and non-disclosure agreement, would be governed by

23 UCC-2 (equally familiar to the California court) and California law

24 (if the choice of law provision is enforced).   The fifth claim

25 alleges a violation of a trade secret under R.C.W. 19.108.   The

26 court concludes, for purposes of the § 1404 analysis, that the

27 choice of law factor would not favor transfer to the Northern

28

ORDER GRANTING DEFENDANT'S MOTION TO CHANGE VENUE AND
DIRECTING TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA - 7

1   District of California.

2   5.   <u>Plaintiff's Choice of Forum and Contacts Relating to the Cause of Action in the Chosen Forum</u>

3

4         Plaintiff has not provided facts to support his objection to

5   transfer based on this factor, other than his representation that

6   his corporation has its headquarters in the Eastern District of

7   Washington. A plaintiff's choice of forum is given "much less

8   weight" when the forum lacks any significant contact with the

9   activities alleged in the complaint. *PRG-Schultz USA, Inc., v.*

10   *Gottschalks, Inc.*, ___ F.3d ___, No. C-05-2811-MMC (N.D. Calif.,

11   October 17, 2005). It is undisputed the contacts involved in the

12   transactions took place in California with the exception of

13   telephonic contact between the parties, one of whom was located here

14   in the Eastern District of Washington. Thus, little deference is

15   accorded to Plaintiff's choice of forum and the extensive contacts

16   in California would favor transfer. *Id.*

17   6.   <u>The Respective Parties' Contact with the Eastern District of Washington</u>

18         Plaintiff does not challenge Defendant's factual assertions

19   that the modification, testing, sale, and delivery to Defendant of

20   the valves took place in Northern California. Additionally,

21   Plaintiff has a corporate facility in that district. There are no

22   contacts identified with the Eastern District of Washington other

23   than Plaintiff's corporate headquarters. Thus, this factor weighs

24   in favor of transfer.

25   7.   <u>The Difference in Costs of Litigation</u>

26         The parties have not addressed this factor in detail.

27   Plaintiff argues without factual support air travel is convenient

28

ORDER GRANTING DEFENDANT'S MOTION TO CHANGE VENUE AND
DIRECTING TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA - 8

1   and that technology used by the federal courts and the parties makes
2   geographical distances inconsequential.  Generally, litigation costs
3   are reduced when venue is located near most of the witnesses
4   expected to testify or be deposed.  Here, all witnesses, save one,
5   reside in Northern California.  Accordingly, this factor favors
6   transfer.

7   8.   The Availability of Compulsory Process of Non-Party Witnesses

8        Plaintiff has not argued if transfer occurred, he would be
9   unable to compel the testimony of non-party witnesses.  Defendant
10  has identified non-party witnesses, all residing within the Northern
11  District of California.  The California witnesses are outside the
12  subpoena power of the Eastern District of Washington.  FED. R. CIV.
13  P. 45.  Thus, this factor favors transfer.

14  9.   Ease of Access to Sources of Proof

15       Plaintiff has not identified specific sources of proof to be
16  found in the Eastern District of Washington or that records in this
17  district would be difficult to transport.  Defendant has identified
18  evidence located only in the Northern District of California--
19  location of the goods and Plaintiff's facility that received,
20  tested, modified, sold and delivered the goods.  Thus, this factor
21  weighs in favor of transfer.

22                          **CONCLUSION**

23       The parties have not identified administrative difficulties
24  that could occur such as court congestion should this matter be
25  transferred to the Northern District of California.  Here, the only
26  factor that weighs in favor of retaining the action in the Eastern
27  District of Washington is the choice of law with respect to, at
28

ORDER GRANTING DEFENDANT'S MOTION TO CHANGE VENUE AND
DIRECTING TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA - 9

most, four of the five claims.  However, should the trial court conclude the choice of law provision is binding on the parties, that factor would no longer favor the Eastern District of Washington. Based on the extensive contacts identified in the Northern District of California, the court concludes, without ruling definitively on the choice of law issue, relevant factors weigh in favor of transfer.  Accordingly,

**IT IS ORDERED**:

1.    Defendant's Motion to Transfer (Ct. Rec. 21) is **GRANTED.**

2.    The District Court Executive is directed to file this Order and provide copies to counsel for Plaintiff and Defendant. The captioned matter shall be **TRANSFERRED** to the United States District Court for the Northern District of California.

DATED April 18, 2006.


                    S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION TO CHANGE VENUE AND
DIRECTING TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA - 10